PER CURIAM.
This case comes before the Court in an interlocutory appeal of an order denying a motion to dismiss a petition for benefits under the Workers’ Compensation Act. The Judge of Compensation Claims (JCC) denied the motion solely on the ground that he lacked jurisdiction to consider the motion to dismiss because a docketing Judge had already ruled on the sufficiency of the petition pursuant to section 440.45(3), Florida Statutes (Supp.1994). The parties have conceded, correctly, that the JCC erred in ruling that he lacked jurisdiction to determine the merits of the employer/carrier’s motion to dismiss.
Accordingly, we reverse the order of the JCC and remand for a ruling on the motion to dismiss.[1] See Whitlock v. Drazinic, 622 So.2d 142 (Fla. 5th DCA) (en banc), review denied mem., 630 So.2d 1103 (Fla.1993) (trial judge has inherent authority to reconsider interlocutory rulings, and a successor judge has the same authority to vacate or vary an interlocutory order as the original judge).
ALLEN and DAVIS, JJ., and SMITH, Senior Judge, concur.

. Appellee asserts that the order should be affirmed under the alternate ground that the e/c failed to move for dismissal within thirty days as required by section 440.192(5), Florida Statutes (Supp.1994). That statute imposes a requirement that motions to dismiss for lack of specificity must be asserted within thirty days. As the motion to dismiss filed below asserted other grounds for dismissal in addition to lack of specificity, we must remand for further proceedings despite the e/c's concession in the record that they had the petition for benefits more than thirty days before filing their motion to dismiss.